IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JEFFREY BISHOP, and
AMANDA BISHOP

      Plaintiffs,

v.                                                    Civil Action No. 3:12-CV-88
                                                  (BAILEY)

WELLS FARGO, NA,

      Defendant.

### *ROSEBORO* NOTICE

On June 3, 2013, the defendant filed a Motion to Dismiss the plaintiffs' Complaint [Doc. 27].  The Court notes that the plaintiffs were previously represented by attorney Andrew C. Skinner but are currently proceeding *pro se* [Doc. 16].  The Court has a mandatory duty to advise the plaintiffs of their right to file responsive material, and to alert them to the fact that failure to so respond might result in the entry of an order of dismissal against them.  **Davis v. Zahradrich**, 600 F.2d 458, 460 (4th Cir. 1979); **Roseboro v. Garrison**, 528 F2d 309, 310 (4th Cir. 1975).  The plaintiffs are so advised.

The defendant has moved to dismiss the plaintiffs' complaint under Federal Rules of Civil Procedure 41 and 37 [Doc. 28 at 1].  In ruling on a motion to dismiss under Rule 41(b), a Court may dismiss a claim for failure to prosecute and/or failure to comply with orders of the court.  **Ballard v. Carlson**, 882 F.2d 93 (4th Cir. 1989), *cert. denied* 493 U.S. 1084 (1990); **Chandler Leasing Corp. v. Lopez**, 669 F.2d 919 (4th Cir. 1982).  In considering whether to dismiss an action pursuant to Rule 41(b), a Court is required to

consider four factors: (1) the degree of the plaintiffs' responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiffs in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal. **Hillig v. Commissioner of Internal Revenue**, 916 F.2d 171, 174 (4th Cir. 1990); **Davis v. Williams**, 588 F.2d 69 (4th Cir. 1978).

The defendant also moved for sanctions under Federal Rule of Civil Procedure 37. Rule 37 permits a court to dismiss an action where a party receives proper notice of a deposition but fails to appear. FED. R. CIV. P. 37(d)(1)(A). Dismissal under Rule 37 involves a similar analysis as that for failure to prosecute and/or failure to comply with a Court order. See **Mutual Federal Savings & Loan v. Richards & Assocs.**, 872 F.2d 88, 92 (4th Cir. 1989); **Wilson v. Volkswagen of America,** 561 F.2d 494, 503–04 (4th Cir. 1977). These factors include (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice the non-compliance caused the adversary, which necessarily includes an inquiry into the materiality of the evidence that was not produced; (3) the need for deterrence of the particular sort of non-compliance; and (4) the effectiveness of less drastic sanctions. See **Mutual Federal**, 872 F.2d at 92; **Wilson**, 561 F.2d at 503–04.

Within thirty (30) days of receipt of this Order, the *pro se* plaintiffs shall file any opposition explaining why their case should not be dismissed. The plaintiffs are further advised that they must serve the defendant with any response they file.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to send a copy by certified mail, return receipt requested, to the *pro se* plaintiffs.

**DATED:** June 14, 2013.

_____
JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE